PER CURIAM.
Appellant killed his wife with a single shot from a pistol. Although he asserted that it was accidental, he was charged with and convicted of second degree murder. On this appeal he contends that it was prejudicial error for the court to permit a State witness to testify as to a conversation he had overheard in which the defendant spoke of having turned down the State’s offer to plead guilty to the charge of manslaughter because of his confidence in his ability to convince the jury that the shooting was an accident. We agree and reverse the judgment for the purpose of affording appellant a new trial.
The statement attributed to appellant, allegedly made by him to his nephew and overheard by the witness, was wholly immaterial and irrelevant to the issue being tried, and thus, its admission into evidence over appellant’s timely objection was error. It is apparent that the only purpose of this immaterial and irrelevant evidence was to discredit defendant’s anticipated testimony, by which he sought to show that the shooting was accidental. The State’s case was not a strong one, and it is highly unlikely that the jury would have found appellant guilty of second degree murder as charged without discrediting his testimony. The prejudicial effect of the error is clear. Jenkins v. State, Fla.App.1965, 177 So.2d 756. The interest of justice will be best served by granting appellant a new trial.
The judgment is reversed and the cause remanded with instructions to grant appellant a new trial.
Reversed and remanded.
WALDEN, CROSS and OWEN, JJ., concur.